

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 25, 1964

Honorable Jules Damiani, Jr.  
Criminal District Attorney  
Galveston, Texas

Opinion No. C-274

Re: Whether a county is authorized under Art. 6830, Vernon's Civil Statutes, to levy a tax for maintenance of seawalls, in addition to the tax levy for service on bonds issued for the purpose of building such seawalls so long as the levy for both purposes stays within the 50¢ limit.

Dear Mr. Damiani:

You have requested the official opinion of this office on the above captioned matter.

Article 6830, Title 118, V.C.S., reads as follows:

"The county commissioners' court of all counties, and the municiapl authorities of all cities, bordering on the coast of the Gulf of Mexico, shall have the power and are authorized from time to time to establish, locate, erect, construct, extend, protect, strengthen, maintain, and keep in repair and otherwise improve any sea wall or breakwater, levees, dikes, floodways and drainways, and to improve, maintain and beautify any boulevard erected in connection with such sea wall or breakwater, levees, dikes, floodways and drainways, and to incur indebtedness therefor, the payment of which may be provided for either with or without the issuance of bonds. And said commissioners' courts and municipal authorities shall also have power and are hereby authorized to levy taxes not to exceed in any one year fifty cents on the one hundred dollars of taxable values of said county or city for the payment of said indebtedness, provided that when the taxes are levied as herein provided for, will not pay off

said indebtedness within five years, then the payment of said indebtedness shall be provided for by the issuance of bonds as hereinafter provided."

You have advised us that the county is presently levying 17¢ of the authorized 50¢ levy. You are of the opinion that the county would be authorized under Article 6830 "to levy a tax for maintenance in addition to the tax levied for indebtedness on bonds issued for the purpose of building such seawalls so long as the levy for both purposes stays within the 50 cent limit, and also said maintenance tax would be an additional tax to the 80 cent statutory levy for general operation purposes."

Article 6830 was enacted in pursuance to Section 7 of Article 11 of the Texas Constitution. Section 7 reads as follows:

"All counties and cities bordering on the coast of the Gulf of Mexico are hereby authorized upon a vote of a two-thirds majority of the resident property taxpayers voting thereon at an election called for such purpose to levy and collect such tax for construction of sea walls, breakwaters, or sanitary purposes, as may now or may hereafter be authorized by law, and may create a debt for such works and issue bonds in evidence thereof. But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund; and the condemnation of the right of way for the erection of such works shall be fully provided for."

It is settled that the above quoted provision of the constitution is a limitation upon the power of the Legislature to authorize the counties and cities specified therein to create debts. Mitchell County v. Bank, 91 T. 371, 43 S.W. 880 (1898).

The 80¢ statutory levy is authorized and limited by Section 9 of Article 8 of the Texas Constitution. The pertinent portions of Section 9 are the following:

"The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed Thirty-five Cents (35¢) on the

One Hundred Dollars ($100) valuation; and no county, city or town shall levy a tax rate in excess of Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year for general fund, permanent improvement fund, road and bridge fund and jury fund purposes; provided, further that at the time the Commissioners Court meets to levy the annual tax rate for each county it shall levy whatever tax rate may be needed for the four (4) constitutional purposes; namely, general fund, permanent improvement fund, road and bridge fund and jury fund so long as the Court does not impair any outstanding bonds or other obligations and so long as the total of the foregoing tax levies does not exceed Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year. Once the Court has levied the annual tax rate, the same shall remain in force and effect during that taxable year;...."

It is settled in this state that a tax levy for seawall maintenance constitutes a permanent improvement within the meaning of the above quoted constitutional provision, and a tax may be levied under Article 6830 for seawall maintenance to the extent that the total authorized levy for county purposes does not exceed 80¢. However, if the full 80¢ levy has been made, no additional tax levy for maintenance would be authorized under the provisions of Article 6830, V.C.S. unless authorized upon a vote of a two-thirds majority of the resident property taxpayers voting thereon at an election for construction and maintenance as provided in Section 7 of Article 11 of the Texas Constitution. Holman v. Broadway Improvement Company, 300 S.W. 15 (Comm. App. 1927).

## SUMMARY

Where the full 80¢ constitutional levy has been made by a county, the county is not authorized under Article 6830, V.C.S., to levy a tax for maintenance of seawalls in addition to the tax levy for service on bonds issued for the purpose of building such seawalls even though said additional levy under Article 6830 for both purposes would stay within the 50¢ limit, unless authorized upon a vote of a two-thirds majority of the resident property taxpayers voting thereon at an election for construction and maintenance as provided in Section 7 of Article 11 of the Texas Constitution.

Yours very truly,

WAGGONER CARR
Attorney General

By W. O. Shultz
W. O. Shultz
Assistant

WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
James Strock
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone